**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JAMES BRUNSON and** ) | |
| **BRUNSON PACKAE, INC., an Illinois** ) | |
| **Corporation** ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL NO. 12-225-GPM** |
| **vs.** ) | |
| ) | |
| **MAX SCHAUF,** *et. al.* ) | |
| ) | |
| **Defendants.** ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter comes before the Court on a motion to strike (Doc. 58) filed by Defendant Lisa Wade.  Defendant Wade asks this Court to strike Count IV and Count V of the amended complaint (Doc. 57).  Plaintiffs, James Brunson and Brunson Package, Inc. ("Plaintiff") in response, filed a motion seeking leave to file a second amended complaint (Doc. 63).  The Court has reviewed the papers.  For the following reasons, Defendant Wade's motion to strike (Doc. 58) is **GRANTED**.

The context behind Defendant Wade's motion to strike can be traced back to oral argument this Court held on motions to dismiss (Docs. 10, 18) on October 29, 2012.  The Court carefully reviewed the papers in an attempt to prepare for argument on the motions to dismiss, but could discern no clarity as to Plaintiff's position on any of the issues (*See* Docs. 16, 38). Indeed, prior to beginning argument on October 29, 2012, the Court sat down with counsel, on the record, and proceeded through the case, claim by claim, in order to determine the claims that existed at the *outset* of the hearing (*See* Doc. 38).  At the conclusion of oral argument, the Court

carefully articulated its rulings and thoughts on the issues.

This case initially contained nine claims and twelve defendants (*See* Doc. 2).   Some claims were alleged against all Defendants and others against a select few (Doc. 2).  Following argument on the motion to dismiss, the Court believed it useful and appropriate to paint a clear portrait of the case, as it stood after the motions to dismiss (*See* Doc. 38).   Going forward, the Court believed it critical to ensure that all parties were on the same page. The Court took great length to establish which Defendants still remained and the claims that remained intact against each Defendant. (*See* Doc. 38).

Yet it would appear all of this effort was exhausted in vain.   Plaintiff's amended complaint (Doc. 57) contains two claims against Defendant Wade that were previously dismissed *with prejudice* by this Court (*Compare* Doc. 38 *with* Doc. 57, Count IV, Count V).   This contradiction is now the basis for Defendant Wade's motion to strike.

For his part, Plaintiff acknowledges that his first amended complaint "contains a few errors." (Doc. 63, p. 1).  Plaintiff accepts that Defendant Wade's objections are well taken (*See* Doc. 63).  Yet Plaintiff argues striking these two claims is an inappropriate remedy because the claims are also alleged against other Defendants (*See* Doc. 63).

Under Federal Rule of Procedure 12(f), upon a motion or its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  In general, motions to strike are not favored because they are often employed as a tool to cause delay.   *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  Here however, just as in *Midwhey*, the motion to strike "remove[s] unnecessary clutter from the case" and "serve[s] to expedite, not delay." *Id.*

Pleadings will usually not be stricken unless the movant shows prejudice.  *See Capitol Indem. Corp. v. Tranel Dev., Inc.*, 1992 U.S. Dist. LEXIS 17152, *4 (N.D.Ill. 1992).

Here, Defendant Wade is clearly prejudiced since she was previously dismissed with prejudice from Plaintiff's claim for state law conspiracy and his claim for tortious interference with business expectancy.  Now Plaintiff has attempted to assert these claims *again* against Defendant Wade in his second amended complaint (Doc. 57).  Plaintiff asserts that this was simply an error.  However, the Court demands the exercise of care and due diligence when submitting pleadings.  Accordingly, Defendant Wade's motion to strike (Doc. 58) is **GRANTED**.  Count IV and Count IV of Plaintiff's amended complaint (Doc. 57) are **STRICKEN**.

Plaintiff may file a second amended complaint to the extent it is consistent with this Memorandum and Order.  Plaintiff's second amended complaint must be filed **on or before January 22, 2013**.

Having allowed Plaintiff to file an amended complaint, the Court must now address Defendants Max Schauf, Scott Murray, City of Bridgeport, and County of Lawrence's motion for extension of time pursuant to Federal Rule of Procedure 6(b) (Doc. 64).  Defendants ask the Court for up to twenty-one days after the filing of Plaintiff's amended complaint to file a response (*See* Doc. 64).  Defendants' motion (Doc. 64) is **GRANTED**.  Defendants shall have **twenty-one days** after the filing of Plaintiff's amended complaint to file a response to the amended complaint.

IT IS SO ORDERED.

DATED:  January 4, 2013          /s/ *G. Patrick Murphy*
                                 G. PATRICK MURPHY
                                 United States District Judge